UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Harold Heath,

    Plaintiff,

v.

Miscellaneous,

    Defendant.
_____/

Case No. 22-11444

Sean F. Cox
United States District Court Judge

## ORDER OF DISMISSAL
## FOR LACK OF SUBJECT MATTER JURISDICTION

Acting *pro se*, Plaintiff Robert Heath ("Plaintiff") filed a "Complaint for a Civil Case," along with a "Civil Cover Sheet." (ECF No. 1). With respect to the Defendant or Defendants that Plaintiff wishes to sue in this case, Plaintiff's Complaint simply stated "Miscellaneous" and did not provide the names or addresses of any persons or entities being sued. (*See* Complaint at page 2-3).

Plaintiff's Complaint states that this case is filed in federal court based upon diversity jurisdiction (*see* Complaint at 3) and does not contend that federal-question jurisdiction exists. (*See* Complaint at 4). In the section of the form Complaint where Plaintiff is to identify the citizenship of the Defendants sued in this case, however, Plaintiff simply states "Miscellaneous" and then the remaining portions relating to diversity jurisdiction are left blank. (*See* Complaint at 4).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

After reviewing Plaintiff's complaint, this Court could not determine if subject matter jurisdiction exists. As such, the Court issued a Show Cause Order that stated, in pertinent part:

> Having reviewed Plaintiff's Complaint, the Court is unsure whether diversity jurisdiction exists in this case. That is because Plaintiff has not identified the Defendant or Defendants that he wishes to sue in this case, and has not provided any information regarding the Defendant or Defendants he wishes to sue. The Court needs to know the name, and citizenship, of each Defendant that is sued in this case, in order to determine if diversity jurisdiction exits.
> Accordingly, the Court **ORDERS Plaintiff to SHOW CAUSE, in writing, no later than July 31, 2022, why this action should not be dismissed for lack of subject matter jurisdiction.**
> **IT IS SO ORDERED**.

(ECF No. 3).

Thereafter, Plaintiff filed written submissions in response. Notably, however, Plaintiff does not identify any Defendants he wishes to sue in this action and *has not established that this Court may exercise diversity jurisdiction over this action.*

Rather, in his responses to the Court's order, Plaintiff states that "I have no one to sue. There is no defendant" because the case he seeks to bring in this Court is a probate case. (*See* ECF No. 8 at PageID.114).

To the extent that Plaintiff asks the Court to probate a will or administer an estate, this Court lacks subject matter jurisdiction to do so. Under the "probate exception" to federal jurisdiction, "federal courts are prohibited from exercising jurisdiction over certain conflicts involving property subject to a state court probate proceeding." *Osborn v. Griffin*, 865 F.3d 417 (6th Cir. 2017). This exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.*; *see also*

*Chevalier v. Estate of Barnhart*, 803 F.3d 789 (6th Cir. 2015).  Plaintiff has not asserted any claim that falls outside the probate exception to federal court jurisdiction.

Accordingly, this action is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  August 3, 2022